UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DARICK CLEMONS,
an individual,

            Plaintiff,   Case No.: _____

v.                                 Honorable _____

MICHAEL MOORE, an individual,
STATE RUN FILMS LLC, a New York
limited liability company,
MIDWESTERN FILMS, LLC, a New
York limited liability company,
DOG EAT DOG FILMS, INC., a New
York corporation.

            Defendants.

## COMPLAINT

Plaintiff, Darick Clemons, by and through his attorneys, Warner Norcross + Judd LLP, files this Complaint against Defendants, Michael Moore, State Run Films LLC ("SRF"), Midwestern Films, LLC ("MF"), and Dog Eat Dog Films, Inc. ("DED Films") for copyright infringement and misappropriation of publicity rights.

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action seeking monetary relief for Defendants' intentional infringement of Plaintiff's copyright in Plaintiff's YouTube video (the "Copyrighted Work") documenting the scene in Flint, Michigan on the day of President Obama's arrival.

2. Plaintiff is a small business owner in Flint, Michigan.

3. On May 4, 2016, Plaintiff created the Copyrighted Work. As a result, Plaintiff is the owner of all copyright interest and rights in the Copyrighted Work. Since the creation of the Copyrighted Work, Plaintiff had maintained it on his YouTube channel. Plaintiff owns a federal registration of the Copyrighted Work, which he obtained on May 25, 2021.

4. All of the claims asserted herein arise out of and are based on Defendants' copying, reproduction, distribution, public display, and sale of Moore's movie, *Fahrenheit 11/9*, that misappropriated an excerpt from Plaintiff's Copyrighted Work. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq. Plaintiff also sues for misappropriation of publicity rights under Michigan law.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff is an individual who resides in Flint, Michigan.

8. Moore is an individual who resides in Michigan and has addresses in Troy and Traverse City, Michigan.

9. SRF and MF are limited liability companies based in New York.

10. DED Films is a company incorporated under the laws of New York.

## ALLEGATIONS OF FACT

A. <u>The Copyrighted Work</u>

11. Plaintiff created the Copyrighted Work on May 4, 2016 when it was uploaded to YouTube. Plaintiff filed for a copyright on May 24, 2021. As a result, Plaintiff owns any and all copyright rights in the Copyrighted Work.

12. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

13. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. Pau 4-080-0641 for the Copyrighted Work, issued by the United States Copyright Office on May 25, 2021. Attached as **Exhibit 1** is a true and correct copy of the registration certificate and assignment records for Plaintiff's Registration No. PAu 4-080-641.

14. Plaintiff has published the copyrighted work by uploading it to his YouTube channel, making it available to the public.

15. The Copyrighted Work is of value, because it is rare, grassroots footage of a historical event.

B. Defendant's Infringing Conduct

16. Defendants are engaged in the filmmaking industry.

17. Defendants have published and sold the movie, *Fahrenheit 11/9* (the "Infringing Work"), which includes a clip from Plaintiff's YouTube video. On information and belief, the Infringing Work has been sold around the world, generating movie ticket sales in multiple countries and online.

18. Defendants obtained possession of or otherwise viewed Plaintiff's Copyrighted Work, and intentionally copied and made a derivative work of the Copyrighted Work to create the Infringing Work. Plaintiff's likeness appearing in the film and Plaintiff's name appearing in the credits evidence that Defendants copied the Copyrighted Work when they created the Infringing Work. This cannot be explained other than as a result of copying. Defendant had easy access to the Copyrighted Work due to its YouTube publication.

19. Defendant copied the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

20. It is apparent when viewing and comparing the Copyrighted Work and the Infringing Work, that the Infringing Work contains a clip from the Copyrighted Work.

21. The Copyrighted Work provided significant value to Defendants and their film. The copied footage begins at approximately 1:30:25 into the film, where the documentary moves from a discussion of gun violence into a segment on the Flint water crisis. Mr. Moore's narration provides the segue: "When a message is urgent enough, sometimes, help arrives." During this entire narration, cell phone footage from Flint is played. The video continues and reveals the person taking it: an African-American resident who says to the camera, "City of Flint. USA. May 5, 2016. POTUS has arrived." That man was Plaintiff.

22. The story of the film then continues with a detailed exploration of President Obama's visit to Flint on that day, Flint residents' negative reaction to that visit, and the effect that the backlash had specifically on African-American voters in Flint.

23. Plaintiff's on-the-ground footage gave Defendants a unique, boots-on-the-ground perspective on the presidential visit. Plaintiff's choice of words, his race, and his anticipation of the event provided dramatic value for the story Mr. Moore told in the film. Defendants could not have obtained that perspective from any other source, and it certainly contributed to any success the film had.

5

24. On information and belief, since the Defendants copied the Copyrighted Work to create the Infringing work, they have generated at least $6.7 million in sales and sold movie tickets in multiple countries. On information and belief, Defendants continue to profit from this film by way of DVD, Blu-ray, streaming, and rental sales.

C. <u>Defendants' Misappropriation</u>

25. Defendants used Plaintiff's likeness when they created the Infringing Work, as evidenced by the presence of Plaintiff's voice and face appearing in the Infringing Work, which cannot possibly be explained other than as a result of misappropriation.

26. Defendants used Plaintiff's likeness without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

**COUNT I**
**Federal Copyright Infringement**
**(17 U.S.C. § 501)**

27. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

28. The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the exclusive owner of rights

under copyright in and to the copyrighted work. Plaintiff owns a valid copyright registration for the copyrighted work, attached as **Exhibit 1**.

29. Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, public display, and sale of the infringing work, which is copied from Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

30. On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

31. As a direct and proximate result of Defendant's infringing conduct alleged herein, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the infringing work, an accounting of a constructive trust with respect to such profits, and an injunction against further distribution of the Copyrighted Work, among any other relief the Court deems just and warranted.

### COUNT II
### Misappropriation of Publicity Rights

32. Plaintiff repeats and re-alleges the foregoing paragraphs hereof as if fully set forth herein.

33. Plaintiff has a protectable interest in his identity.

34. Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, public display, and sale of the Infringing Work, which is copied from Plaintiff's Copyrighted work, without Plaintiff's permission, Defendants have commercially exploited Plaintiff's identity.

35. On information and belief, Defendants' misappropriating conduct alleged herein was and continues to be willful with full knowledge of Plaintiff's right to publicity, and has enabled Defendants to illegally obtain profit therefrom.

36. Defendants' use of Plaintiff's Copyrighted Work is not protected by the First Amendment, despite the expressive nature of Defendants' film, because the Copyrighted Work is the only thing that has given Plaintiff any degree of widespread prominence or exposure beyond Flint. Defendants' wholesale appropriation of the Copyrighted Work is thus outside the protection of the First Amendment as explained in *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 US 562, 574-75 (1977).

37. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff is entitled to recover Defendant's profits attributable to the use of Plaintiff's likeness, among any other relief the Court deems just and warranted.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendants have violated the Copyright Act.

2. That Defendants have misappropriated Plaintiff's right to publicity under Michigan law.

3. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the infringing work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the copyrighted work.

4. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' misappropriation, including Defendants' profits from sales of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody Plaintiff's likeness.

5. Awarding Plaintiff

   a. Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

   b. Defendants' profits obtained as a result of Defendants' misappropriating conduct, including but limited to all profits from sales

9

and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or Plaintiff's likeness, or in the Court's discretion, such amount as the Court finds to be just and proper;

c. An injunction against further distribution of the Copyrighted Work; and

6. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

7. Awarding such other and further relief as the Court deems just and proper.

Dated: August 19, 2021

Respectfully submitted,

*/s/Brian D. Wassom*
Brian D. Wassom (P60381)
Regina M. Gilmour(P83117)
Warner Norcross + Judd
*Attorney for Plaintiff*
45000 River Ridge Drive, Suite 300
Clinton Township, MI 48313
(586) 303-4139
bwassom@wnj.com
rgilmour@wnj.com

22117029